NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SKYLAR JAMES JUMPER, *Appellant.*

No. 1 CA-CR 23-0010
FILED 9-19-2023

Appeal from the Superior Court in Mohave County
No. S8015CR202200406
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Jill L. Evans Attorney at Law, Flagstaff
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

**¶1**        Skylar James Jumper appeals his convictions and sentences for two counts of sale of dangerous drugs (methamphetamine). After searching the entire record, Jumper's defense counsel identified no non-frivolous arguable question of law. In accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error. Jumper was given an opportunity to file a supplemental brief *in propria persona* but has not done so. Finding no reversible error, we affirm Jumper's convictions and sentences.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        On two separate occasions in March 2022, Jumper sold methamphetamine to a confidential informant for the Lake Havasu City Police Department ("LHCPD"). The State charged Jumper with two counts of sale of dangerous drugs (methamphetamine), each class 2 felonies, under A.R.S. § 13-3407(A)(7). The superior court conducted a two-day jury trial, during which the informant, LHCPD detectives, and a forensic scientist testified.

**¶3**        The informant testified that he contacted Jumper to purchase methamphetamine and completed two controlled purchases with Jumper in March 2022. The informant further testified that each time he bought a bag containing a quarter-ounce of a "white crystal substance" for one hundred forty dollars. The detectives testified that they provided the informant money and a recording device to execute and monitor the purchases. After each purchase, the detectives searched and debriefed the informant, and the informant gave them a "small plastic baggie" containing a "white crystal-like substance." The forensic scientist testified she received and analyzed two plastic bags, each containing a "crystalline powdery material" that tested positive for methamphetamine. The State then introduced audio and video recordings of the transactions and the bags containing the substance.

**¶4** The court denied Jumper's motion for judgment of acquittal under Arizona Rule of Criminal Procedure ("Rule") 20, and the jury convicted Jumper as charged. The court sentenced Jumper to mitigated concurrent five-year terms of imprisonment for each count.

**¶5** Jumper timely appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶6** Our review of the record reveals no fundamental error. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Rules, and the record reveals that Jumper was present at all critical stages of the proceedings and represented by counsel. *See* Ariz. R. Crim. P. 6.1, 19.2. The State presented sufficient evidence from which the jury could determine Jumper's guilt beyond a reasonable doubt. *See State v. West*, 226 Ariz. 559, 562, ¶ 16 (2011). The jury was comprised of 12 members. *See* A.R.S. § 21-102(A). The superior court properly instructed the jury on the presumption of innocence, the burden of proof, and the elements of the charged offenses. The court received a presentence report. Ariz. R. Crim. P. 26.4. The court afforded Jumper an opportunity to speak at sentencing, imposed sentences within the statutory limits, and stated on the record the evidence and factors it considered in imposing the sentences. *See* A.R.S. §§ 13-701, -3407(E); Ariz. R. Crim. P. 26.9–26.10.

## CONCLUSION

**¶7** We affirm Jumper's convictions and sentences. Upon the filing of this decision, defense counsel shall inform Jumper of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Jumper shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA